United States District Court
Southern District of Texas
**ENTERED**
April 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CODILIS & MOODY, P.C., IN ITS CAPACITY AS SUBSTITUTE TRUSTEE FOR PNC BANK, NATIONAL ASSOCATION, <br> *Plaintiff*, <br><br> v. <br><br> JAMES E. MOORE, ET AL., <br> *Defendants*. | § § § § § § § § § § | CIVIL ACTION NO. 4:24-CV-03605 |

## MEMORANDUM AND RECOMMENDATION

Before the Court in this interpleader action is the Joint Motion for Default Judgment filed by Codilis & Moody, P.C. and the Internal Revenue Service.[1] ECF 88. The movants seek default judgment against five named Defendants: James E. Moore, Regina E. Moore, Portfolio Recovery Associates, LLC, Ameal Interest, LLC, and Trailer Rents. The Court entered default against the five Defendants on February 11, 2025. ECF 87. The Court RECOMMENDS that the Motion for Default Judgment be GRANTED.

---

[1] The District Court has referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 63.

I.  **Background**

Codilis & Moody, P.C. filed an Original Petition in Interpleader in state court on August 30, 2024 which named several possible claimants to $205,812.72 in excess proceeds from a foreclosure sale.  ECF 1-1.  The IRS, a named Defendant, removed the case to federal court.  ECF 1.  Three Defendants, the IRS, Texas Gulf Bank, and Shelter Roofing, L.P. have filed Answers.[2]  Three Defendants, Pine Brook Community Association, Inc., Wells Fargo, Bank, N.A., and Clear Lake City Boulevard Association, have been dismissed with prejudice.  ECF 84.  Codilis & Moody and the IRS now seek default judgment against the five Defendants listed above.

II. **Default Judgment Standards**

Federal Rule of Civil Procedure 55(a) grants courts authority to enter default judgment against a defendant who fails to plead or otherwise defend itself.  In exercising its discretion to enter a default judgment, the Court must determine "(1) whether default judgment is procedurally warranted; (2) whether [Plaintiffs'] complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, [Plaintiffs] should receive."  *Quintillion Subsea Operations, LLC v. Maritech Project Servs., Ltd., Mi, Ltd.*, No. 4:20-CV-02310,

---

[2] Texas Gulf Bank and Shelter Roofing, LP filed cross-claims against all other defendants.  Pending are the IRS's Motions to Dismiss Cross-Claims.  ECF

2023 WL 5836833, at *2 (S.D. Tex. Aug. 16, 2023), report and recommendation adopted No. 4:20CV02310, 2023 WL 5837513 (S.D. Tex. Sept. 8, 2023).

To determine whether default judgment is procedurally warranted, courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.* (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). To make the second determination, the court looks at whether the well-pleaded factual allegations in the Plaintiff's Complaint establish a valid cause of action. *Id.* (citing *Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The third determination requires the Court to award only the relief prayed for in the Complaint as required by Federal Rule of Civil Procedure 54(c). *Id.* A defendant's default establishes only liability, not the amount of damages. *Id.* (citing *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Damages will ordinarily not be awarded absent a hearing or a demonstration by detailed affidavits establishing the necessary facts. *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III. Analysis

### A. Default Judgment is procedurally warranted.

Consideration of the six *Lindsey* factors establishes that a default judgment is procedurally warranted. The five Defendants have failed to answer or otherwise respond to this lawsuit. ECF 87. In the absence of an answer or other response, the material facts are established by the Original Petition in Interpleader. Default judgment does not substantially prejudice the defaulting Defendants because their own inaction "has ground the adversary process to a halt, prejudicing [Plaintiffs'] interest in pursuing [their] claim for relief. *Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 WL 6876208, at *2 (W.D. Tex. Nov. 23, 2020). The entry of default demonstrates that grounds for default have been clearly established, and nothing indicates that Defendants' default is the result of a good faith mistake or excusable neglect. The movants do not seek a harsh remedy but seek only to have the defaulting Defendants' claims, which represent comparatively small sums, extinguished. The Court is not aware of any reason the district court would be obligated to set aside the judgment upon a motion by Defendants. *See A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd.*, 784 F. App'x 221, 225 (5th Cir. 2019) ("In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1), we examine the following factors: whether the defendant willfully defaulted, whether a meritorious defense is presented, and

4

whether setting aside the default judgment would prejudice the plaintiff.").

### B. The Original Petition in Interpleader Petition establishes entitlement to relief.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" that gives "the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (citations omitted). A person "with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." FED. R. CIV. P. 22. An interpleader action is proper when a single fund is at issue and there are adverse claimants to that fund. *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999) (citing Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE: Civil 2d § 1714 (1986)). If the interpleader action is proper, the district court will decide the respective rights of the claimants. *Id.*

Codilis & Moody pleaded that it was in possession of a single fund in the amount of $205,812.72 in residual excess proceeds for the foreclosure sale of property owned by defaulting Defendants James and Regina Moore. Codilis & Moody identified the Moores and nine others as parties that had competing claims to the fund. Codilis & Moody, P.C. has alleged a proper interpleader action and, by failing to respond, the five defaulting defendants have asserted no claim to the fund.

The Court concludes that Codilis & Moody has shown that it is entitled to the relief requested.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment (ECF 88) be GRANTED and a Default Judgment be entered dismissing the claims of James E. Moore, Regina E. Moore, Portfolio Recovery Associates, LLC, Ameal Interest, LLC, and Trailer Rents with prejudice.

The Clerk of the Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 22, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge